# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### SEPTEMBER SESSION, 1997

| | | |
|---|---|---|
| **TERRANCE ROYAL a/k/a**<br>**Richard Marlowe,** | ) | **C.C.A. NO. 02C01-9609-CR-00299** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **SHELBY COUNTY** |
| **VS.** | ) | |
| | ) | **HON. CHRIS CRAFT** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

**FILED**

October 13, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

## ON APPEAL FROM THE JUDGMENT OF THE
## CRIMINAL COURT OF SHELBY COUNTY

FOR THE APPELLANT:

TERRANCE ROYAL a/k/a
Richard Marlowe
Fla. D.C. #066519
Hendry Correctional Institution
Immokalee, FL 34142

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

JANIS L. TURNER
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243

JOHN W. PIEROTTI
District Attorney General

AMY WEIRICH
Assistant District Attorney General
Criminal Justice Complex, Suite 301
201 Poplar Street
Memphis, TN 38103

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant, a Florida inmate, appeals from the trial court's denial of his petition seeking relief from a Tennessee conviction and sentence. The trial court treated the petition as a petition for post-conviction relief and dismissed it as barred by the statute of limitations. We affirm the dismissal.

On January 15, 1992, the Defendant entered guilty pleas to and was convicted of one count of felony cocaine possession and one count of felony bail jumping. He received concurrent sentences of four years and one year, ordered to be served consecutively to certain sentences he received in Florida.

On April 27, 1995, the Defendant filed a petition to "set aside, modify or mitigate sentence" which was denied by the trial court on April 28, 1995. On May 3, 1996, the Defendant filed a petition for post-conviction relief from these convictions, which was dismissed by the trial court on May 14, 1996, based on the statute of limitations.

On July 8, 1996, the Defendant filed a "PETITION FOR WRIT OF ERROR CORAM NOBIS, or in the alternative, APPLICATION FOR WRIT OF HABEAS CORPUS AD SUBJICIENDUM AD DUCE TESTIFICANDUM." The trial judge treated this petition as one for post-conviction relief and dismissed it as time barred. It is from this order of the trial court that the Defendant appeals.

The petition essentially alleges that Defendant's counsel at his guilty plea proceeding was ineffective for not telling the Defendant that his Tennessee sentences were to run consecutively to his Florida sentence and that his guilty pleas entered in the Tennessee cases were therefore not knowing, intelligent and voluntary, because he would not have pleaded guilty had he known he was to receive sentences to be served consecutively to his Florida incarceration.

Habeas corpus relief is available only when a convicting court is without jurisdiction or authority to sentence a defendant or when that defendant's term of imprisonment or restraint has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The Defendant argues that his Tennessee sentences would be expired if they had been ordered to be served concurrently with his Florida sentence. His argument gains him no relief because his Tennessee sentences were clearly ordered to be served consecutively to the Florida incarceration.

Although the petition alleges grounds for post-conviction relief, the trial judge correctly determined that the petition was barred by the statute of limitations. Tenn. Code Ann. § 40-30-202; see Carter v. State, __ S.W.2d __ (Tenn. 1997).

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
JOE B. JONES, PRESIDING JUDGE


_____
JOE G. RILEY, JUDGE